UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-12693-RGS

ANN YARNELL

v.

JAMES WILLOCK, et al.

ORDER

November 30, 2023

STEARNS, D.J.

*Pro se* litigant Ann Yarnell brings this action against three individuals: James Willock, attorney for the City of Lynn, Massachusetts; Andrew Hall, Commissioner of Public Works for the City of Lynn; and Ralph Reid, a land surveyor. Yarnell claims arise from the City of Lynn's taking by eminent domain of an easement to which Yarnell claims a right.[1] For the reasons set forth below, the court orders that this action be <u>DISMISSED</u>.[2]

---

[1] Yarnell also filed a motion for leave to proceed *in forma pauperis*, which the court ALLOWS.

[2] Because Yarnell is proceeding *in forma pauperis*, the court has reviewed the complaint prior to the issuance of any summons. *See* 28 U.S.C. § 1915(e) (providing that, where a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary damages against a defendant who is

## I. Previous State Court Litigation

The court takes judicial notice of the lengthy proceedings in the Massachusetts Land Court regarding the taking at issue this action. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015). Notably, on April 20, 2018, the Land Court issued an order in which it found, *inter alia*, that Ann Yarnell lacked standing to challenge the taking because she had no record interest in the property, *see Ann Arnell & Robert S. Arnell v. City of Lynn*, 16MISC 000217, 2018 WL 1902093, at *3 (Land Court Mass., Apr. 20, 2018), and Appeals Court of Massachusetts "discern[ed] no error" in this finding, *Yarnell v. City of Lynn*, 96 Mass. App. Ct. 1116, 2020 WL 115836, at *4 (Jan. 10, 2020).[3] The state court's finding that the plaintiff lacks standing to challenge the taking precludes the court from revisiting the issue. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (discussing the *Rooker-Feldman*

---

immune from such relief"). Further, a court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

[3] The court notes that, on March 28, 2023, the Land Court issued judgment for the City of Lynn with regard to Robert Yarnell's claim that the taking was unlawful. *See Yarnell v. City of Lynn,* 16MISC 000217, 2023 WL 2662367 (Mass. Land Ct. Mar. 28, 2023), *appeal dismissed, id.* (Aug. 4, 2023).

doctrine[4]); *In re Sonus Networks, Inc., Shareholder Derivative Litigation*, 499 F.3d 47, 56 (1st Cir. 2007) (discussing the doctrine of res judicata).

## II. Claims of Harassment by State Actors

The earlier state court litigation does not preclude any claims that Arnell's claims present claims that she was falsely arrested, assaulted by DPW employees, and physically assaulted by two Lynn police officers. Nonetheless, the Court dismisses these claims without prejudice because Arnell does not allege that the named defendants directly participated in this alleged misconduct.[5]

---

[4] The term "*Rooker-Feldman* doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine "merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme Court], *see* § 1257(a)." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002))).

[5] These claims appear to be similar or even identical to those asserted in the by Arnell in the amended complaint filed in the Land Court on September 12, 2016. The Land Court dismissed these actions because they fell outside of the jurisdiction of the Land Court. *See Arnell v. City of Lynn*, 16MISC 000217, 2018 WL 1902093, at *3. If, indeed, Arnell's present harassment claims are based on the alleged misconduct identified in the state court amended complaint, these claims would be time-barred by the applicable three-year statute of limitations. *See Buntin v. City of Boston*, 813 F.3d 401, 406 (1st Cir. 2015).

## III. Claims Concerning Trespass or Boundary Determinations

Any claims for trespass or disputes over the boundaries of the taken easement are not within the subject matter jurisdiction of this court. They do not raise a federal question and there is no diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1331, 1332.

## ORDER

In accordance with the foregoing, the motion for leave to proceed *in forma pauperis* is <u>GRANTED</u> and this action is <u>DISMISSED</u>.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE